```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/30/21
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
UNITED STATES OF AMERICA,

      -against-                                                  19-CR-806 (VEC)

JOSEPH FREDERICK,                                ORDER

                           Defendant.
-------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

       WHEREAS on March 19, 2021, Mr. Frederick moved for compassionate release pursuant to 18 U.S.C. § 3582(c) (Dkt. 32);

       WHEREAS on April 19, 2021, the Government opposed the motion on the merits, acknowledging that Mr. Frederick had exhausted his administrative remedies (Dkt. 37);

       WHEREAS on May 3, 2021, Mr. Frederick filed a reply (Dkt. 38);

       WHEREAS a court may, according to the plain language of the statute, reduce Mr. Frederick's sentence under the rubric of compassionate release if, "after considering the factors set forth in § 3553(a)," it finds that "extraordinary and compelling reasons warrant such a reduction," 18 U.S.C. § 3582(c)(1)(A)(i);

       IT IS HEREBY ORDERED THAT Mr. Frederick's motion for compassionate release is DENIED.  Mr. Frederick has failed to demonstrate "extraordinary and compelling reasons" warranting a sentence reduction.  Mr. Frederick has already contracted and recovered from COVID-19.[1]  Moreover, despite much criticism in his memorandum about the Bureau of Prisons' response to the pandemic, *see*, *e.g.*, Def. Mem. at 9–11, Dkt. 33, Mr. Frederick has declined to take the step that would (a) protect himself against further infection and (b) assist in

---

[1]    Mr. Frederick contracted COVID-19 in December 2020.  Def. Mem. at 6, Dkt. 33.

limiting the spread of COVID within his prison facility: he has declined to be vaccinated against COVID-19. Def. Reply at 2, Dkt. 38. While Mr. Frederick suffers from certain lingering symptoms and has an elevated BMI, he is an otherwise healthy 42-year-old man. Def. Mem. at 5–6.

The Court is sympathetic to Mr. Frederick's desire to help his partner care for their daughter, infant niece, and his elderly mother. *See id.* at 17. Nevertheless, his family's needs do not constitute extraordinary or compelling reasons for Mr. Frederick's own release.

Even assuming Mr. Frederick had demonstrated "extraordinary and compelling reasons" warranting a sentence reduction, his release at this point, after serving only 22 months of the 60-month sentence imposed by this Court, would be an inadequate punishment for his crime, considering the applicable factors set forth in 18 U.S.C. § 3553(a). As the Court noted at sentencing, Mr. Frederick committed a serious offense. Mr. Frederick possessed loaded and unloaded illegal firearms in connection with his drug trafficking business, and he kept those firearms (as well as an extensive cache of heroin and crack) in his home where his 11-year-old daughter lived. Gov. Opp. at 10, Dkt. 37. Given Mr. Frederick's prior criminal justice interventions, the sentence that was imposed was appropriate for his crime. None of the factors he has pointed to in his motion for compassionate release (including evidence that he, in fact, had legitimate employment for some periods) alter that determination.

The Court encourages Mr. Frederick to take advantage of vocational and drug-treatment programming while incarcerated. Although Mr. Frederick does not qualify for compassionate release, the Court remains hopeful that, even within the constraints currently imposed because of COVID, Mr. Frederick can use his time in prison wisely to become a productive and law-abiding member of society upon his release.

The Clerk of Court is respectfully directed to close the open motion at docket entries 32 and 36.

**SO ORDERED.**

Date: September 30, 2021
      New York, NY

**VALERIE CAPRONI**
**United States District Judge**